UNITED STATES of America, and First Trust Company of Saint Paul, a Minnesota Corporation, as Trustee, Appellees,

v.

CEDAR–RIVERSIDE LAND COMPANY, a partnership, Cedar-Riverside Properties, a partnership, Cedar-Riverside Land Corporation, a corporation, Stage I Land Company, a partnership, and University Court Apartments, partnership consisting of Martin and Gloria Segal and Keith Heller, Appellants,

Stage II Land Company, a partnership, Cedar-Riverside Associates, Inc., a corporation, City of Minneapolis, Batzli Electric Co., a corporation, Louis E. Larsen Co., Inc., a corporation, Theodore N. May, Raymond L. Blexrud, Nicolinia Blexrud, John Drummoned and Associates, a corporation, and First National Bank of Saint Paul, a National Banking Corporation.

No. 78–1504.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1978.

Decided Feb. 14, 1979.

James P. Larkin, Minneapolis, Minn. (argued), and Peter K. Beck, James D. Lano, Minneapolis, Minn., on brief, for appellants.

Mier Wolf, Dept. of HUD, Litigation Dept., Washington, D. C. (argued), Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., and Ronald A. Zamansky and Stephen T. Refsell, Minneapolis, Minn., on brief, for appellees.

Before GIBSON, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Cedar-Riverside Land Company and four related companies appeal from an order appointing a receiver to manage certain mortgaged property pending the outcome of this foreclosure action brought by the United States and First Trust Company of St. Paul (appellees) against the appellants and others.[1] We have jurisdiction under 28 U.S.C. § 1292(a)(2) (1976), which authorizes appeals from "[i]nterlocutory orders appointing receivers * * *." After reviewing the entire record, we affirm.

On December 9, 1971, the United States agreed to guarantee $24,000,000 in debentures to be issued by Cedar-Riverside Land Company (the developer) to support its development of a "new community" in the Cedar-Riverside area of Minneapolis, Min-

---

1. Of the numerous defendants named in the foreclosure action, only the following filed this appeal: Cedar-Riverside Land Company, Cedar-Riverside Properties, Cedar-Riverside Land Corporation, Stage I Land Company, and University Court Apartments.

nesota.[2] As security for the Government's guarantee, the developer pledged sixty acres of undeveloped land it then owned in the Cedar-Riverside area and any land it might subsequently purchase with the proceeds from issuance of the debentures. The First Trust Company of St. Paul held the Government's mortgage on this property as trustee.[3]

The developer successfully issued its debentures, but, due to litigation over the adequacy of the environmental impact statement prepared by the Government, the project soon stalled. *See Cedar-Riverside Environmental Defense Fund v. Hills*, 560 F.2d 377 (8th Cir. 1977). In June 1975, with work on the project still blocked by the environmental litigation, the developer stopped making debenture interest payments. This forced the Government to honor its guarantee for such payments, and the Government paid more than $5,000,000 in interest to the debenture holders by the end of 1977.

Finally, on November 29, 1977, in the face of the developer's extended default, and after lengthy negotiations had failed to produce a settlement, the United States instructed the trustee to declare the principal of all the debentures due and payable immediately pursuant to the terms of the mortgage agreement. To pay off the debenture holders, the United States deposited $24,000,000, plus interest, with the trustee.

Thereafter, the United States and the trustee brought the present foreclosure action and moved for the appointment of a receiver. Appellees claimed a contractual right to the appointment of a receiver.[4] Appellees also alleged that the developer's debt of more than $30,000,000 exceeded the value of the mortgaged property, and that the developer's failure to pay real estate taxes and maintain the property in good condition had impaired the Government's security. In addition, they submitted an affidavit from an accountant who, after comparing the management costs of the mortgaged properties with and without a receiver, concluded that the use of a receiver would save $2,400 per month.

After a hearing on the appellees' motion, the district court ruled on June 13, 1978 that it was "required, under the present circumstances, to appoint a receiver pursuant to the Indenture and Title 42 U.S.C. § 4527."[5] The court appointed a receiver, effective July 1, 1978, to operate, manage, and collect rents from the mortgaged properties during the pendency of the foreclosure. From that order, appellants took the present appeal.

2. Such governmental assistance was authorized by Title VII of the Housing and Urban Development Act of 1970, 42 U.S.C. §§ 4501–4532 (1976). Because the new community in this case was to be located within an existing urban area, it was called a "New Town in Town." *See* 24 C.F.R. § 720.12(b)(3)(i) (1978).

3. The trust was established under an Indenture of Mortgage and Deed of Trust executed by the developer and the trustee on December 9, 1971, and two supplements executed in 1973. All of these documents were duly recorded.

4. Section 9.05 of the mortgage agreement between the United States and the developer provides that:

   *Acceleration and Foreclosure.* In case an Extended Indenture Default shall have occurred and be continuing, the Secretary * * shall be entitled to foreclose the lien of the Indenture and exercise the other remedies provided in Section 6.05 of the Indenture. Section 6.05(g) of the Indenture, as supplemented, provides that "[t]he Trustee may ob-

tain, as a matter of right, * * * the appointment of a receiver."

5. 42 U.S.C. § 4527 provides in relevant part as follows:

   In the performance of, and with respect to, the functions, powers, and duties vested in him by this part [on development of new communities], the Secretary, in addition to any authority otherwise vested in him, shall—

   *   *   *   *   *   *

   (2) have the power, notwithstanding any other provision of law, in connection with any assistance under this part, whether before or after any default, to provide by contract for the extinguishment upon default of any redemption, equitable, legal, or other right, title, or interest of the private new community developer * * * in any mortgage, deed, trust, or other instrument held by or on behalf of the Secretary for the protection of the security interests of the United States[.]

■ Appellants' principal contention is that the United States failed to make an adequate showing of the need for a receiver. We disagree. After a thorough review of the record, we find the district court's order justified not only by appellants' contractual agreement that a receiver could be appointed in the event of default, but also by equitable considerations.[6]

■ Appellants also contend that the district court's order appointing a receiver should be vacated because it lacks specific findings of fact. We reject that contention in the circumstances of this case. Fed.R. Civ.P. 52(a) requires findings of fact only in nonjury trials and in orders granting or refusing interlocutory injunctions. Rule 52(a) specifically provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except [a motion to dismiss at the close of the plaintiff's case in a nonjury trial]." Therefore, the district court did not err in failing to make findings of fact in its order appointing the receiver.

Although the failure of the trial court to make specific findings does not constitute error, the absence of detailed findings in a case such as this one makes our review task much more difficult. We suggest, therefore, that district court judges in the future furnish a statement of reasons or findings underlying appealable interlocutory orders when it is practical to do so.

We affirm the order of the district court.

---

6. As in *United States v. Chester Park Apartments, Inc.*, 332 F.2d 1, 5 (8th Cir.), *cert. denied*, 379 U.S. 901, 85 S.Ct. 191, 13 L.Ed.2d 176 (1964), we find it unnecessary to address the issue of whether a receiver was justified solely by contractual provisions.