William A. McCALL, Sr., and the Estate of Olaf Henry Nelson, Deceased, Plaintiffs-Appellants,

v.

Cecil D. ANDRUS, Secretary of the Interior of the United States of America, John S. Boyles, District Manager, Bureau of Land Management; William J. Malencik, Chief, Division of Technical Services, Bureau of Land Management; E. I. Rowland, State Director, Bureau of Land Management; Curt Berklund, Director, Bureau of Land Management, being agencies of the United States Department of the Interior, United States of America, Defendants-Appellees.

No. 78–1065.

United States Court of Appeals, Ninth Circuit.

July 10, 1980.

Rehearing Denied Oct. 17, 1980.

---

William B. Murray, Portland, Or., argued, Rex Jemison, on brief, Beckley, Singleton, DeLanoy & Jemison, Las Vegas, Nev., for plaintiffs-appellants.

Robert L. Klarquist, Dept. of Justice, Washington, D.C., argued, for defendants-appellees.

Before HUG and FARRIS, Circuit Judges, and McNICHOLS *, District Judge.

FARRIS, Circuit Judge:

William McCall and the estate of Olaf Nelson appeal the dismissal on summary judgment of their suit seeking review of the decision of the Interior Board of Land Appeals that portions of their mining claims are invalid because not mineral in character. They contend 1) that the application of the so-called "ten-acre rule" by the Board was improper, 2) that the Board's decision is not supported by substantial evidence, and 3) that granting summary judgment was improper because there was a dispute concerning material facts. We affirm.

In 1953, McCall and Nelson filed an application for a patent to a group of mining claims in the Las Vegas valley, asserting that the claims were valuable for mining sand and gravel. They received patents for parts of five claims, known as Las Vegas Nos. 1, 2, 7, 18 and 27. In 1964, the Interior Department filed a contest complaint alleging that the remaining portions of these claims were not mineral in character. Applying the so-called "ten-acre rule," under which each ten acres of a claim must be shown to be mineral in character, the hearing examiner found that the challenged portions of the claims were not mineral in character and dismissed the patent application as to those areas. The Interior Board of Land Appeals, acting on behalf of the Secretary of the Interior, affirmed the examiner regarding the challenged portions of Las Vegas Nos. 7, 18 and 27, but reversed this determination as it related to Las Vegas Nos. 1 and 2. The Board directed that the challenged portions of those claims be added to the patented portions. *United States v. McCall*, 7 IBLA 21, 79 I.D. 457 (1972). McCall and the estate of Nelson (McCall) then filed this suit in district court and a magistrate heard and recommended granting the Secretary's motion for summary judgment. The district court adopted the magistrate's findings and McCall appealed.

McCall contends that the ten-acre rule is beyond the statutory authority of the Secretary and that, even if the rule is valid, the Board erred because it based its decision that the challenged areas were not mineral in character on the absence of actual mining on the tracts. McCall argues that absence of actual exploitation is irrelevant and that he need only show that a market existed for sand and gravel.

■ McCall did not raise his contention that the ten-acre rule exceeded the Secretary's authority in his opening brief. We will not ordinarily consider issues raised for the first time in a reply brief. *See American Meat Institute v. Environmental Protection Agency*, 526 F.2d 442, 459 (7th Cir. 1975); *Mississippi River Corp. v. F. T. C.*, 454 F.2d 1083, 1093 (8th Cir. 1972). Further McCall did not object to the magistrate's recommendation that the trial court find the rule was neither discredited, unreasonable nor unsound in its concept. 28 U.S.C. § 636(b)(1). Such a failure to bring the issue before the trial court bars McCall from raising it here. In any event, we find the contention to be without merit.

■ McCall's right to a patent for the claims is based on 30 U.S.C. § 22 which allows citizens to purchase lands in which valuable minerals are found. 30 U.S.C. §§ 35 and 36 restrict the *maximum* size of a placer mining claim to twenty acres per individual, up to 160 acres for an association

* Honorable Robert McNichols, District Judge for the Eastern District of Washington.

claim. These sections do not provide, however, that land within a placer claim that does not contain valuable minerals can be purchased under § 22. The Interior Department has held:

> Considering all the statutes relating to mining claims it seems clear that it was not their purpose to permit the entire area allowed as a placer claim to be acquired as appurtenant to placer deposits irrespective of their extent.

*American Smelting & Refining Co.*, 39 L.D. 299, 301 (1910). The Department established a rule that, when challenged, the claimant must show that each ten-acre tract on his claim contains a valuable mineral. *Id.; United States v. Bunkowski*, 79 I.D. 43, 54–55 (1972). Since federal land is platted in ten-acre tracts, ten acres is a reasonable unit. "A court faced with a problem of statutory construction should give great deference to the interpretation of a statute by the . . . agency charged with its administration." *Brubaker v. Morton*, 500 F.2d 200, 202 (9th Cir. 1974).

 The validity of a mining claim is established either by the granting of a patent upon application by the claimant or through contest proceedings initiated by the government. *See Ideal Basic Industries, Inc. v. Morton*, 542 F.2d 1364, 1367–68 (9th Cir. 1976). If the validity of the claim is contested, the claimant must prove that he has made a "discovery" of a valuable mineral deposit thereon. To do so, the claimant essentially must show that the mineral is "marketable" in that it can be mined, removed and disposed of at a profit. *Verrue v. United States*, 457 F.2d 1202, 1203 (9th Cir. 1972). Only one discovery per claim must be shown. 43 C.F.R. § 3842.1–1. However, if the character of the land is also challenged in the contest complaint, the claimant must show that each ten-acre tract contains a deposit of the mineral under the ten-acre rule. The rule does not require, as McCall argues, that a discovery be made on each ten-acre tract contrary to regulation. Proof of "discovery" requires a showing of an exposed mineral deposit on the claim while "mineral in character" may be proved by geological inference coupled with market availability. *California v. Rodeffer*, 75 I.D. 176, 180–81 (1968).

 McCall's contention that the Board based its decision on the absence of actual mining is incorrect. The Board adopted the conclusions of the hearing examiner who stated:

> It is only those tracts with a deposit which can be extracted, processed, and marketed at a profit in competition with other deposits that are valuable and mineral in character. The contestees believe that the caliche material can be blasted and processed at a competitive price at the present time. [The contestees] have received a patent for 230 acres which has over three and one-half million yards of sand and gravel in every ten feet of depth. If they had a market for this amount they would have a reserve supply for one hundred years.

> The contestees offered no evidence to suggest that they had a market for any more than this amount of material either in 1948, 1953, or 1955. Without an expanded market it was not economically feasible to produce the material on the contested tracts. Consequently it had no value as a mineral prior to July 23, 1955.

This is a proper application of the test for determining whether land is mineral in character. The test is whether

> [t]he known conditions at the time of [the patent] proceedings were plainly such as to engender the belief that the land contained mineral deposits of such quality and in such quantity as would render their extraction profitable and justify expenditures to that end.

*Diamond Coal and Coke Co. v. United States*, 233 U.S. 236, 239–40, 34 S.Ct. 507, 509, 58 L.Ed. 936 (1914) (concerning whether land claimed as a homestead was mineral land not subject to homestead claims). *See also, United States v. Southern Pacific Co.*, 251 U.S. 1, 40 S.Ct. 47, 64 L.Ed. 97 (1919); *Standard Oil Co. of California v. United States*, 107 F.2d 402 (9th Cir.), *cert. denied*, 309 U.S. 654, 60 S.Ct. 469, 84 L.Ed. 1003 (1940); *United States v. Bunkowski, supra* at 55.

McCall relies upon *Verrue v. United States, supra,* to support his argument that proof of an existing market is all that is necessary to prove "discovery." He argues that the same rule should apply to prove "mineral in character." *Verrue* holds that marketability can be shown even where there is no proof of actual exploitation, but it does not support McCall's position. In *Melluzzo v. Morton,* 534 F.2d 860 (9th Cir. 1976), we held that there is more to proof of marketability than proof that there was a local market. "It must appear that the local demand was able to absorb additional material . . . and still permit an attractive profit to be realized." *Id* at 864. The hearing examiner's conclusion shows that McCall did not meet the proof required by this rule.

Our recent decision in *Baker v. United States,* 613 F.2d 224 (9th Cir. 1980), is not controlling here. In *Baker,* the Board had refused to grant a patent for three entire claims even though it found that a valid discovery had been made on each claim. The claims were all composed of similar material. The Board invalidated two of the claims because it found that Baker had located claims in excess of the reasonably anticipated market need for the mineral (the "too much" test). We held that there was no statutory support for the Board's action. Unlike *Baker,* here the character of the land claimed was contested. The claims which were held invalid here were all covered by caliche material. The hearing examiner noted that it was not economically feasible to extract the type of material on these tracts since there were large deposits of easily removable sand and gravel on the other tracts.

■ McCall also contends that the Board's decision is not supported by substantial evidence. We disagree. The government expert, Egan, testified that he had examined the claims in 1959 and 1969 and that the contested areas were not mineral in character because materials from them could not have been mined and marketed for a profit at the time of his examination or any time earlier. This testimony constitutes substantial evidence of a prima facie case by the government. *Hallenbeck v. Kleppe,* 590 F.2d 852 (10th Cir. 1979). McCall presented no contrary evidence to show that a market existed in Las Vegas in 1955 in which he could have sold at a profit more sand and gravel than the amount contained in the already patented areas. Although one of McCall's experts stated that the sand and gravel from the contested area could have been marketed at a profit, he admitted that he had not made a market study. Viewing the record as a whole, we find not that the Board's decision is supported by substantial evidence. *Multiple Use, Inc. v. Morton,* 504 F.2d 448 (9th Cir. 1974).

McCall's reliance on *Charlestone Stone Products Co. v. Andrus,* 553 F.2d 1209 (9th Cir. 1977), *rev'd on other grounds,* 436 U.S. 604, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978) is ill-founded. In *Charlestone,* we held that the opinion of a government examiner that the mineral on a contested claim was not marketable does not constitute substantial evidence when contradicted by direct testimony that substantial amounts of the mineral from the claim were mined and marketed at a profit. Such is not the case here. It is undisputed that the contested areas have not been mined to any significant extent. The testimony of McCall's expert is not enough to undermine the substantiality of Egan's testimony.

Further, McCall is barred from raising this issue because he failed to object to the magistrate's recommendation that the trial court find that there was substantial evidence in the record to support the Board's decision.

■ Although he did not object to the motion when it was made, McCall now contends that granting the motion for summary judgment was improper because there was a substantial controversy concerning the material facts. This issue is controlled by *Dredge Corp. v. Penny,* 338 F.2d 456 (9th Cir. 1964) where we held that summary judgment is appropriate in suits seeking review of administrative decisions even though there was conflicting evidence presented at the administrative hearing.

A judicial determination of whether a finding of fact is supported by substantial evidence presents only an issue of law. [Citation omitted.] It is therefore subject to disposition by summary judgment.

338 F.2d at 462.

Affirmed.