Ennis NETTLES, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 80–5596.

United States Court of Appeals, Fifth Circuit.*
Unit B

May 17, 1982.

* Former Fifth Circuit case, Section 9(1) of Public     Law 96–452—October 14, 1980.

James D. Whittemore, Tampa, Fla., for petitioner-appellant.

Michael J. Kotler, Peggy A. Quince, Asst. Attys. Gen., Tampa, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., HENDERSON, HATCHETT, ANDERSON and THOMAS A. CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

A panel of this court affirmed the denial of appellant's (Nettles) petition for writ of habeas corpus and held that a state prisoner's failure to object to a magistrate's report and recommendation, filed pursuant to 28 U.S.C. § 636(b)(1)(C), served as a waiver of the right to appeal from the district court's judgment based on the report and recommendation. *Nettles v. Wainwright*, 656 F.2d 986 (5th Cir. 1981). By vote of the Unit B judges of this circuit, we granted en banc consideration to address the following question:

How should this court treat an appellant's or cross-appellant's claim of error where the district court accepts a magistrate's report, unobjected to by the appellant or cross-appellant, which recommends the ruling subsequently made by the district court?

We hold that the failure to file written objections to proposed findings and recommendations in a magistrate's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. This bar of appellate review shall not occur, however, unless the magistrate informs the parties that objections must be filed within ten days after service of a copy of the magistrate's report is made upon them.

## I. FACTS

In 1975, a Florida jury convicted Ennis Nettles of robbery, aggravated assault, and aggravated battery. He was sentenced to seventy-five years imprisonment, and a state appellate court affirmed his conviction without opinion. *Nettles v. State*, 336 So.2d 614 (Fla.Dist.Ct.App.1976).

Nettles then filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 2254. In his petition, Nettles alleged the following:

(1) Because his arrest was illegal, the suggestive pretrial identification procedures should have been suppressed, and

(2) he was denied due process of law by the admission at his state trial of inflammatory photographs and in-court identification evidence.

On April 4, 1980, a United States Magistrate, without holding a hearing, filed his report and recommendations finding Nettles's contentions to be without merit. Nettles did not object to the magistrate's report and recommendations. On April 22, 1980, the district court accepted the magistrate's report and recommendations and dismissed Nettles's petition.

This en banc consideration requires an examination of the Federal Magistrates

Act, 28 U.S.C. §§ 631–639, to discern its directives, if any, to an appellate court when confronted with an appellant who fails to object to a magistrate's report in the trial court, but seeks to object on appeal.

## II. DEVELOPMENT OF THE FEDERAL MAGISTRATES ACT

After several years of inquiry, Congress in 1968 enacted the Federal Magistrates Act, 28 U.S.C. §§ 631–639, for the purpose of revising the United States Commissioner System and "to cull from the ever-growing workload of the United States District Courts matters that are more desirably performed by a lower tier of judicial officers." H.R.Rep.No.1629, 90th Cong., 2d Sess. 12, *reprinted in* [1968] U.S.Code Cong. & Admin.News 4252, 4255. With these improvements in mind, the Act authorized magistrates to exercise those functions formerly exercised by United States Commissioners, and to discharge such additional duties assigned by the district court "as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b).[1] "Increasing the overall efficiency of the federal judiciary" was the goal in "permit[ting] . . . the U.S. district courts to assign magistrates, as officers of the courts, a variety of functions . . . presently per-

formable only by the judges themselves." S.Rep.No.12, 90th Cong., 1st Sess. 11 (1967).

The provision of section 636(b) permitting the district court to establish rules which authorize the magistrate to conduct a "preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses," was the subject of Supreme Court review in *Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). In *Wingo*, the Supreme Court held invalid a district court's local rule authorizing a magistrate to hold evidentiary hearings because 28 U.S.C. § 2243 requires the district judge to personally hold these hearings in federal habeas corpus cases. Therefore, by the terms of section 636(b), the local rule was "inconsistent with the . . . laws of the United States." [2]

In 1976, Congress substantially amended section 636(b) of the Magistrates Act to "supply the congressional intent found wanting by the Supreme Court in *Wingo v. Wedding*." H.R.Rep.No.1609, 94th Cong., 2d Sess. 11, *reprinted in* [1976] U.S.Code Cong. & Admin.News 6162, 6171. Under the current version of 28 U.S.C. § 636(b)(1)

[n]otwithstanding any provision of law to the contrary—

  . . . .

may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

  (1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

  (2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

  (3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing.

---

1. The 1968 version of 28 U.S.C. §§ 636(a) and (b) specifically provided:

  (a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

  (1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

  (2) the power to administer oaths and affirmations, impose conditions of release under section 3146 of title 18, and take acknowledgments, affidavits, and dispositions; and

  (3) the power to conduct trials under section 3401, title 18, United States Code [18 USCS § 3401], in conformity with and subject to the limitations of that section.

  (b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time magistrate reasonably available, any part-time magistrate specially designated by the court,

2. See *TPO, Inc. v. McMillen*, 460 F.2d 348 (7th Cir. 1972).

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of [motions to suppress evidence in a criminal case], of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

The revision clearly recognizes the authority of a district judge to designate a magistrate to conduct evidentiary hearings. The 1976 amendments further added subsection (C) under 28 U.S.C. § 636(b)(1), which states:

> The magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

It is this particular addition that is the subject of the instant case. Absent from the statute is any statement as to the effect on appeal of a party's failure to object to the magistrate's findings where those findings are subsequently adopted by the district court. The statute does provide for the district court to amplify on the procedure for filing objections by enacting local rules, and some have done so.[3] In order to establish uniformity throughout this circuit, however, we must interpret section 636(b)(1)(B) and the effect in this circuit of a failure to object to a magistrate's findings. In so doing, we find it appropriate to review the decisions of other appellate courts on this issue.

## III. DECISIONS OF OTHER CIRCUITS

Four other circuit courts have confronted the failure to object question and, for different reasons, all have reached similar conclusions. In *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 588 F.2d 24 (2nd Cir. 1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979), a defendant in a civil antitrust action failed to adhere to a local rule compelling any party wishing to object to file written objections specifically identifying the proposed findings to which objection is made and the legal basis for the objection. The Second Circuit held that the failure to satisfy this local rule amounted to a waiver of the defendant's argument because it had not been properly preserved for appeal.

The failure to object issue received similar treatment from the First Circuit in *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). In *Park Motor Mart*, the district court accepted a magistrate's recommendations, without objection, and entered summary judgment dismissing the action. The court observed:

> The purpose of the Federal Magistrates Act is to relieve courts of unnecessary

---

**3.** Rule 6.02, Local Rules of the United States District Court, Middle District of Florida, states:

(a) In any case in which the Magistrate is not authorized to enter an operative order pursuant to Rule 6.01, 28 U.S.C. § 636 or any standing or special order of the Court entered thereunder, but is authorized or directed to file a report and recommendation to the District Judge to whom the case has been assigned, a copy of such report and recommendation shall be furnished, upon filing, to the District Judge and to all parties. Within ten (10) days after such service, any party may file and serve written objections therein, and any party desiring to oppose such objections shall have five (5) days thereafter within which to file and serve a written response. The District Judge may accept, reject, or modify in whole or in part, the report and recommendation of the Magistrate or may receive further evidence or recommit the matter to the Magistrate with instructions.

work. Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the court, if requested, of matters falling within subsection (b)(1)(B). To require it if not requested would defeat the main purpose of the Act. It is not burdensome on the parties to require such a request. We conclude that a party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration.

*Park Motor Mart,* 616 F.2d at 605 (footnote omitted).[4]

In *McCall v. Andrus,* 628 F.2d 1185 (9th Cir. 1980), the Ninth Circuit ruled that a failure to bring to the district court's attention objections to a magistrate's recommendation bars the party so failing from raising those objections on appeal. The *McCall* case involved appellate review of a summary judgment by the United States District Court for the District of Nevada of an administrative decision. The circuit court was not aided by a local rules' amplification of section 636(b)(1)(B); the holding was based solely on the statute itself.

The panel's opinion in this case adhered to the rule expressed by a Fifth Circuit panel in *United States v. Lewis,* 621 F.2d 1382 (5th Cir. 1980). *Lewis,* a direct criminal appeal, held that a failure to object to a magistrate's report and recommendations on a suppression motion was a waiver of the right to appeal those recommendations accepted by the district court. Like *Andrus,* the *Lewis* decision is not based on a local court rule, but on judicial application of the Magistrates Act to the situation where a party does not object to the findings and recommendation of the magistrate.

The Sixth Circuit recently considered this issue in *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The court established a prospective rule that failure to timely object under 28 U.S.C. § 636(b)(1)(B) to a magistrate's report constitutes a waiver of the right to appeal the district court's order adopting the magistrate's recommendations. The court admitted that nothing in section 636(b)(1)(B) indicates that a failure to object to the report constitutes a waiver of the right to appeal. Going a step further, however, the Sixth Circuit recognized that "the fundamental congressional policy underlying the Magistrates Act—to improve access to the federal courts and aid the efficient administration of justice—is best served by our holding that a party shall file objections with the district court or else waive right to appeal." *Walters,* 638 F.2d at 949–50 (footnote omitted). The *Walters* court qualified its holding by requiring the magistrate to inform the parties in the report "that objections must be filed within ten days or further appeal is waived." *Walters,* 638 F.2d at 950.

These opinions all hold, on one ground or another, that by failing to file objections to the proposed findings and recommendations in the magistrate's report, a party thereby waives his right to appellate review of his objections. We find merit in a rule which has this effect. As did the Sixth Circuit in *Walters,* we deem it advisable to qualify our holding and only bar appellate review where it is evident that the magistrate informed the parties that objections must be filed within ten days of the report. Our suggestion for conveying this requirement to the parties is for the magistrate to include language at the conclusion of the report such as the following:

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.

██ We emphasize that in determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review. Nothing contained herein in any way attempts to relax the Article III requirement that the district

---

4. A local district court rule was involved in Park Motor Mart, but the circuit court deemed the rule of no assistance to the issue before it.

judge enter the final order after being fully advised.

## IV. PRACTICAL CONSIDERATIONS SERVED BY THIS DECISION

In compliance with 28 U.S.C. § 636(b)(1)(B), the district judge must review the magistrate's findings and recommendations. If objections are filed, the district judge must make a *de novo* determination, a "fresh consideration," of those findings objected to.[5] If no objections are filed, the district judge may accept, reject,[6] or modify, in whole or in part, the findings and recommendations. It is arguable that, when no objections are filed, the parties have accepted the magistrate's report and have consented to his recommendations. If a party has objections, it is essential that he apprise the district court. Judicial efficiency and the objectives of the Magistrates Act dictate that the district judge must be

---

**5.** The statutory command of section 636(b)(1) calling for the district court to make a "de novo determination" of those portions of the magistrate's recommendation to which objection has been made does not require a rehearing of any contested testimony upon which the magistrate based his findings. *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

There has been some concern among district judges, however, whether proceedings before a magistrate pursuant to section 636(b)(1)(B) must be recorded by an official court reporter using traditional stenographic means or only need be recorded on electronic sound recording equipment without necessity of a court reporter, and whether the district judge may listen to a sound recording in performing his function, or must have a transcript.

Sound recording is expressly provided for by statute in certain of the magistrates' functions. 18 U.S.C. § 3060(f) (probable cause for detention hearings) ("shall be taken down by a court reporter or recorded by suitable sound recording equipment"); 18 U.S.C. § 3401(e) (trial of minor offenses) ("shall be taken down by a court reporter or recorded by suitable sound recording equipment").

In the magistrates' other functions there is no provision for how proceedings are to be recorded, notably, in habeas proceedings and in suppression hearings under section 636(b)(1)(B). It might be contended that, absent a specific provision to the contrary, 28 U.S.C. § 753(b) controls, which allows the use of sound recording only to augment mechanical recording. Following congressional intent, we reject this construction of section 753(b). In 1968, when Congress promulgated the Magistrate's Act, it enacted 18 U.S.C. §§ 3060(f) and 3401(e), the specific provisions relating to two magistrate functions. Each is phrased in mandatory terms ("proceedings shall be recorded"), demonstrating that Congress's purpose was to impose the otherwise absent duty to record rather than to lift or liberalize an otherwise existing requirement that mechanical means be used. The premise to this legislation, then, must be that section 753(b) does not apply to magistrates. In 1979, when Congress enacted section 636(c) governing civil trials conducted before magis-

trates, Congress explained that its purpose in providing for the recording of these proceedings was to "assure[ ] . . . an adequate record." H.R.Conf.Rep.No.96–444, 96th Cong., 1st Sess. 8 (1979), *reprinted in* 1979 U.S.Code Cong. & Ad.News 1469, 1489. Again, this must be premised on the view that section 753(b) does not require recording of proceedings before magistrates. Finally, Congress envisioned the use of sound recordings in 1976 when it enacted section 636(b)(1)(B) even though there is no provision for sound recording of proceedings under this section.

> The district court, on application, shall listen to the *tape recording of the evidence and the proceedings before the magistrate. . . .*

H.R.Rep.No.94–1609, 94th Cong., 2d Sess. 3 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 6162, 6163 (quoting *Campbell v. United States District Court,* 501 F.2d 196 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)) (emphasis added). In each of its three major enactments concerning magistrates, then, Congress consistently evinced the view that magistrate proceedings are not required to be taken down by an official court reporter using stenographic means but that electronic sound recording may be used instead. We defer to Congress's reading of section 753(b).

Our construction is consistent with the Regulations of the Director of the Administrative Office of the U.S. Courts Governing the Administration of the U.S. Magistrates System section 2.1 *et seq.* which allow the use of sound equipment in all proceedings before magistrates. These regulations have the approval of the Judicial Conference of the United States. 1970 Reports of the Proceedings of the Judicial Conference of the U.S. 71.

**6.** Cf. *United States v. Marshall,* 609 F.2d 152 (5th Cir. 1980). Marshall holds that it is error for a district judge to reject a magistrate's recommendation to which objections have been filed "without at least consulting the transcript of the hearing before the magistrate." *Marshall,* 609 F.2d at 155. We are in agreement that this is the state of the law in this circuit for those cases where objections are filed.

aware of any objections to the report in order to properly comply with the duties under section 636(b)(1)(B).

Furthermore, no undue burden exists in requiring an attorney or a pro se litigant to state his objections, if any, to the district court. We are not asking a litigant to give up his right to appeal, only to perfect it. We note that attorneys are officers of the court[7] and are, therefore, in some part implicitly responsible for the efficient operation of the judicial system. Requiring them to assist the district court by stating their objections is a small order. It is even smaller when weighed against the consequences to their clients (or themselves if pro se) of having the circuit court refuse to entertain their arguments on appeal based on error in the magistrate's report. We will not sit idly by and observe the "sandbagging" of district judges when an appellant fails to object to a magistrate's report in the district court and then undertakes to raise his objections for the first time in this court.

■ It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.[8] This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.

## V. CONCLUSION

■ Accordingly, we hold that the failure of a party to file written objections to proposed findings and recommendations in a magistrate's report, filed pursuant to Title 28 U.S.C. § 636(b)(1), shall bar the party from a *de novo* determination by the district judge of an issue covered in the report and shall bar the party from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. Provided,

however, we also hold that no limitation of the right to appeal (as provided in our opinion in *Lewis*) and no limitation of the scope of appeal (as provided in this opinion) shall result unless the magistrate informs the parties that objections must be filed within ten days after service of a copy of the magistrate's report is made upon them.

Having decided the en banc issue, this case, on its merits, is remanded to the panel.

REMANDED TO THE PANEL.

---

**7.** See *Katris v. Immigration & Nat. Serv.*, 562 F.2d 866 (2d Cir. 1977).

**8.** Parties filing objections must specifically identify those findings objected to. Frivolous,

conclusive or general objections need not be considered by the district court.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452, October 14, 1980.