Enrique TIJERINA, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 81-1111
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1982.

Opinion Withdrawn Nov. 22, 1982.
See 692 F.2d 3.

Enrique Tijerina, pro se.

W. Barton Boling, Charles Palmer, Douglas M. Becker, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

PER CURIAM:

Defendant Enrique Tijerina was convicted for the unlawful delivery of heroin and sentenced to ninety-nine years in prison. The Texas Court of Criminal Appeals affirmed his conviction and denied two applications for state writs of habeas corpus.

Subsequently, defendant Tijerina filed an application for writ of habeas corpus in federal district court. The case was referred to a magistrate who recommended that relief be denied. The magistrate's order indicates it was filed November 5, 1980. The docket sheet contains the entry "11–5–80 10) Magistrate's Findings of Fact and Recommendations (J, pltf. atty.)." No objections to the magistrate's report were filed. The district court reviewed all of the state and federal records together with the magistrate's report and entered an order denying relief.

Defendant Tijerina appeals claiming several grounds of error. It is difficult to determine, however, whether any of Tijerina's claims have been preserved for appeal. The law of this Circuit, as recently stated in *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc), dictates that "failure to file written objections to proposed findings and recommendations in a magistrate's report [within ten days after being served with a copy] . . . shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice." *Id.* at 408.

However, the difficulty in the case *sub judice* arises because the record contains little or no evidence of the date Tijerina was served with a copy of the magistrate's report. This Court recognized in *Nettles* that application of the rule mandating a waiver of claims on appeal due to a failure to object to the magistrate's report may produce harsh results.[1] Consequently, the Court qualified its ultimate holding and explained that appellate review is barred only in cases "where it is evident that the magistrate informed the parties that objections must be filed within ten days of the report."[2]

Implicit in the Court's analysis is the holding that clear evidence should establish a defendant was served with the magistrate's report. In the case *sub judice*, the only indication of service—in any form—is the cryptic docket entry. This docket entry tells the Court little, if anything at all, about the service of the magistrate's report.

Accordingly, this case is remanded to the district court for a finding regarding when defendant Tijerina was actually served with the magistrate's report, if at all. The case is also remanded for determination of whether defendant Tijerina was informed that failure to object to the magistrate's report within ten days after being served with a copy would bar appellate review of the factual findings.[3]

REMANDED.

---

1. The record indicates the district court refused to adopt the magistrate's recommendation that a hearing be held to determine the merits of two claims. Those claims involve the motion for new trial and the claim regarding perjured testimony.

2. Indeed, the Court suggested language for the magistrate to use to convey this requirement:

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. *Nettles* at 408.

3. This Court does not address the merits of defendant Tijerina's claims.