LORIN CORPORATION, a Minnesota corporation; Goto Overseas, Inc., a Minnesota corporation; Waverly Corporation, a Minnesota corporation; and Clark W. Peterson, Appellants,

v.

GOTO & COMPANY, LTD., a Japanese corporation; Goto Enterprises, Ltd., a Japanese corporation; and Yukihiko Goto, a/k/a Mark Y. Goto, Appellees.

No. 82–2138.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 28, 1983.

Decided March 4, 1983.

As Amended March 11, 1983.

Marlon O. Haugen, Marlon O. Haugen & Associates, Wayzata, Minn., for appellants.

Frank J. Walz, Robert A. Brunig, O'Connor & Hannan, Minneapolis, Minn., for appellees; Michael A. Braun, Braun, Moriya, Hoashi & Kubota, Tokyo, Japan, of counsel.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

In this case we affirm the dismissal of a complaint for failure to comply with a discovery order and for failure to prosecute. We hold that the appellants (plaintiffs below) did not lose their right to appeal from the District Court to this Court by failing to file timely objections to a magistrate's recommendation that their complaint be dismissed. On the merits, however, we hold that the District Court did not abuse its

discretion in dismissing the complaint as a sanction for what it found to be a deliberate and repeated failure by counsel for plaintiffs to comply with discovery orders.

## I.

On June 9, 1981, Lorin Corporation (Lorin) and others[1] commenced this diversity action for breach of contract by filing a complaint against Goto & Company, Ltd. (Goto) and others.[2] The District Court[3] set a discovery deadline of January 1, 1982. Goto filed a motion to dismiss or for summary judgment, which was noticed for hearing on October 26, 1981. At Lorin's request, the hearing was continued to November 18. When Lorin failed to file a timely memorandum of points and authorities in opposition to Goto's motion, the court, on its own motion, again continued the hearing, this time to November 25, 1981. Lorin did not appear at the November 25 hearing; nevertheless, the Court decided in Lorin's favor by denying the motion.

On January 13, 1982, Goto served its answer and amended conditional counterclaims. When Lorin failed to serve a reply, Goto, on February 19, moved for entry of a default judgment. On February 26, one day before the motion was to be submitted for consideration, Lorin served a reply to the counterclaims.

Between January 1 and February 25, 1982, Lorin's attorney contacted Goto's attorney, requested an extension of the deadline for discovery, and said that he would take appropriate steps to secure the extension. Although the Magistrate[4] to whom the matter had been referred told Lorin's attorney to file a written motion for extension, Lorin's attorney failed to do so. Finally, Goto's attorney secured an extension of the discovery deadline through July 1, 1982.

Goto served a request for admissions on February 19, and it served interrogatories and a request for production of documents on March 16. On March 31, after the deadline to respond to Goto's request for admissions had passed, Lorin's attorney asked Goto's attorney for an extension of time within which to respond to all Goto's discovery requests. Goto's attorney agreed. On May 20, Lorin's attorney agreed that by May 26, 1982, he would answer the interrogatories and allow Goto to copy a large quantity of documents which he said were responsive to Goto's request for production of documents.

When neither answers to interrogatories nor documents were forthcoming, Goto, on May 28, filed a motion to compel discovery. This motion was granted on June 8, and the Magistrate ordered Lorin to provide answers and to produce documents on June 16, 1982, and to pay $517.42 as Goto's reasonable expenses, including attorneys' fees.

According to the Magistrate's findings, on June 16 Lorin provided incomplete answers, produced a small fraction of the documents, and failed to supplement its responses thereafter. It also failed to pay Goto any part of the $517.42, to initiate any discovery, or otherwise to prosecute its claims.

On June 30 Goto served a second motion to compel discovery, which was noticed for hearing on July 12, 1982. According to Lorin's brief, Lorin's attorney, who practiced law alone, planned to be married on July 10 and to be gone on a short trip until July 19. He asked both the Magistrate and Goto's attorney for a continuance of the hearing to July 19, but this request was denied. Neither Lorin nor its attorney appeared at the July 12 hearing. Lorin submitted only the affidavit of its attorney, which, according to the Magistrate's Findings, demonstrated that Lorin possessed

---

1. Goto Overseas, Inc., Waverly Corporation, and Clark W. Peterson.

2. Goto Enterprises, Ltd., and Yukihiko Goto, a/k/a Mark Y. Goto.

3. The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

4. The Hon. Brian P. Short, United States Magistrate for the District of Minnesota.

thousands of documents responsive to Goto's request for production of documents, and that Lorin would not be prepared to comply with the prior order compelling discovery within the next few weeks.

On July 14, 1982, the Magistrate filed a report and recommendation that the Court dismiss Lorin's complaint with prejudice for failure to prosecute and for failure to comply with the June 8, 1982, discovery order. At the end of the Magistrate's report and recommendation appeared the following notice:

> Written objections to this Report and Recommendation shall be *filed* within ten (10) days after the date hereon and shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection.

(emphasis in original).

On August 5, 1982, the District Court, after noting that no objections had been filed to the Magistrate's report and recommendation in the time period permitted, made a de novo review and entered an order dismissing Lorin's action with prejudice.[5] Judgment was entered accordingly. On August 6, Lorin filed a "Motion to Hear Objection to Report and Recommendation and Extend Time for Discovery" and an "Objection to Report and Recommendation." Lorin objected to the report and recommendation on the grounds that it had substantially complied with the order compelling discovery and that the remedy of dismissal was beyond the relief requested by Goto and was too severe under the circumstances. On August 24, the District Court entered an order which denied Lorin's motion, reaffirmed the order of August 5 dismissing Lorin's action, and directed that judgment be entered in favor of Goto for the $517.42 awarded by the Magistrate's order of June 8. A second judgment was entered accordingly.

Lorin appeals, claiming that dismissal was improper because there was no evidence that its failure to comply with the order compelling discovery was wilful or in bad faith.

## II.

■ Initially, we are met with Goto's contention that we lack jurisdiction because Lorin did not file its notice of appeal until September 20, 1982, more than 30 days after judgment was initially entered on August 5.

We disagree. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides in pertinent part:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party . . . (ii) under Rule 52(b) to amend or make additional findings of fact . . . the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Lorin's "Objection to Report and Recommendation," which was filed on August 6, says that the Magistrate's report did not include the fact that Lorin provided answers to most of Goto's interrogatories and request for production of documents, and that Lorin had substantially complied with the discovery order. Since the Magistrate's report included a finding that Lorin provided only incomplete answers and produced only a small fraction of the requested documents, and since the District Court adopted the Magistrate's report before it entered judgment, we believe that Lorin's motion and objection may fairly be read as a timely Rule 52(b) motion to amend the court's findings.[6] Thus, under Fed.R.App.P. 4(a)(4), the time for appeal began to run on August 24, when the District Court entered an order denying the motion, and the notice

---

**5.** The District Court also accepted the Magistrate's recommendation to dismiss Goto's conditional counterclaims without prejudice.

**6.** *Cf.* Fed.R.Civ.P. 52(a) ("The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court.").

of appeal was timely filed on September 20.[7]

### III.

█ Goto next contends that we should dismiss the appeal because Lorin failed to object to the Magistrate's report and recommendation within ten days.[8] Under 28 U.S.C. § 636(b)(1) (Supp. V 1981),

> (B) a judge may . . . designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . [for involuntary dismissal of an action] . . . .
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Although the statute does not explicitly address the point, several circuits have held, in varying circumstances, that a party's failure to file objections may bar him from contesting a magistrate's findings on appeal. *E.g., Nettles v. Wainwright,* 677 F.2d 404, 405, 410 (5th Cir.1982) (en banc) (Unit B); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir.1981); *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980), cert. denied, 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). *Cf. John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 588 F.2d 24, 29–30 (2d Cir. 1978), cert. denied, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979) (holding that a party's failure to identify specifically the basis for his objections, in violation of a local rule adopted under 28 U.S.C. § 636(b)(1), barred the party from contesting the magistrate's determination on appeal).

We have carefully considered these authorities and their reasoning, and we are not persuaded that this appeal should be dismissed on a theory of waiver through failure to make timely objections to the Magistrate's recommendation. As we observed in *Johnson v. Boyd-Richardson Co.,* 650 F.2d 147, 149 (8th Cir.1981),[9]

> In a civilized system of justice, the norm should be to decide claims on their merits, and the mere inaction of a party or his lawyer should not result in the loss of a hypothetically meritorious claim, except in those limited instances, see *e.g.,* Fed.R. Civ.P. 37, where clear notice is given in

---

**7.** Goto seems to contend that Lorin's motion and objection cannot be a Rule 52(b) motion, because the rule relates only to post-judgment motions in cases *tried* without a jury. We disagree. Although Rule 52(a) indicates that findings are unnecessary on a decision to dismiss for ·failure to comply with a discovery order and for failure to prosecute, the rule does not prohibit such findings, and findings may aid appellate review considerably. See *United States v. Cedar-Riverside Land Co.,* 592 F.2d 470, 472 (8th Cir.1979). Once findings are made, a party may properly move for their amendment.

**8.** Goto's argument is couched in terms of want of jurisdiction. Although it is clear that we are "without jurisdiction to hear appeals directly from a decision of a United States Magistrate,"

*Duryea v. Third Northwestern National Bank,* 602 F.2d 809, 810 (8th Cir.1979) (citations omitted), here the District Court, after reviewing de novo the Magistrate's report, entered a final judgment, see *Loewen-America, Inc. v. Advance Distributing Co.,* 673 F.2d 219, 220 (8th Cir.1982) (per curiam), appealable under 28 U.S.C. § 1291 (1976).

**9.** *Johnson* did not involve reference to a magistrate, but the question presented there is comparable to the one before us now. Under a local rule of a district court, opposition to a motion to dismiss had to be filed within five days of the motion. It was argued that failure to file a timely opposition was a sufficient basis for granting the motion to dismiss. We rejected this argument.

advance that a certain procedural default will or might result in loss of a claim or defense.

The statute itself does not provide for a waiver. It fixes a time limit of ten days for the filing of objections in the District Court, but it does not say that failure to file will destroy the right to appeal to this Court that Congress has granted in 28 U.S.C. § 1291. Nor have we been told that anything in the legislative history of Section 636 indicates that Congress intended such a waiver. One would think that if Congress had wished such a drastic consequence to follow from the missing of the ten-day time limit, it would have said so explicitly. It is true that points not properly preserved in the District Court are normally not open on appeal to this Court, and lawyers may be presumed to know that general rule of practice. In the instant case, however, the District Court, as such, had done nothing to which Lorin could object until it entered its first judgment on August 5. Lorin had made it sufficiently plain before the Magistrate that it objected to the involuntary dismissal of its complaint. In addition, the notice that Lorin got along with the Magistrate's recommended order did not say that failure to object within ten days would operate as a forfeiture of the right to appeal to this Court. It is certainly true that what courts and commentators have come to call "judicial economy" would be served by a rule of waiver. That is, some of our time would be saved if we did not have to reach the merits of an appeal from a district court's adoption of an unobjected-to magistrate's report. If Congress wished to put that kind of consideration into a statute, we would be the last to object. But we think the definition of our jurisdiction, in the first instance, is Congress's business, not ours.

This is not to say that no consequence should attach to a party's failure to object within ten days. For one thing, a district court, after waiting the ten days, knows that it is free to rule on the Magistrate's report—that it does not have to wait any longer to see whether someone is going to object. For another, a party who fails to object must know, as a practical matter,

that the chances of getting the Magistrate's report rejected are less than they would be if he brought specific objections to the attention of the district judge. And the failure to file objections will relieve the district court of the obligation to review de novo those portions of the report to which objection is made. It does not follow, however, that the absence of objection relieves the district court of its obligation to act judicially, to decide for itself whether the Magistrate's report is correct. As the statute says, 28 U.S.C. § 636(b)(1)(B), "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," and this power of the court exists whether objections to the report have been filed or not. When a district court does accept the Magistrate's report, that is a judicial act, and represents the district court's considered judgment. Especially is this true where, as here, the Magistrate's report, if adopted, would completely dispose of the case.

This conclusion conflicts with some of the language in the opinions of other circuits that we have cited above on the waiver issue. On examination, however, some of the conflict is revealed as more apparent than real. The most extensive discussion of the waiver question is in *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (en banc) (Unit B). A panel of the Fifth Circuit, 656 F.2d 986 (5th Cir.1981), had held that failure to object to a magistrate's report waived the right to appeal from a district court to the Court of Appeals. The appellant, a state prisoner bringing habeas corpus, was seeking to argue, among other things, that certain identification testimony was so unreliable that it should have been suppressed. The question of waiver of the right to appeal was then referred to the Court en banc. It held

that the failure to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injus-

tice. This bar of appellate review shall not occur, however, unless the magistrate informs the parties that objections must be filed within ten days after service of a copy of the magistrate's report is made upon them.

677 F.2d at 405. We understand this holding to mean that in the Eleventh Circuit (the successor of Fifth Circuit Unit B) waiver will occur only as to findings of fact, and only if the magistrate has informed the parties that an appeal will be waived if objections are not filed within the ten-day period.

Curiously, in *Nettles* itself, when the en banc Court, having decided the waiver issue, remanded the case to the panel for further proceedings, the panel reached and decided the merits of Nettles's attack on his conviction. *Nettles v. Wainwright,* 677 F.2d 410 (5th Cir.1982). We cannot tell from the reported opinions what the basis was of the panel's evident holding that the appeal had not been waived in the case before it. Perhaps the magistrate's notice and the local rule of the district court were thought insufficient to alert Nettles to the consequences of failure to object. Or perhaps the panel did not characterize the reliability of an identification as an issue of "fact" for this purpose. In either event, we can be sure that the Eleventh Circuit, under *Nettles,* would not hold that Lorin had waived its right to appeal to us in this case. Here, the magistrate's notice to Lorin did not advise that the consequence of failure to file objections would be loss of the right of access to this Court. In addition, the question whether Lorin's violation of discovery orders was so egregious as to justify dismissal of its complaint with prejudice, is a mixed question of law and fact, as opposed to a pure question of fact, as, for example, how many documents did Lorin actually produce, and how many did it fail to produce.

Similarly, in *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., supra,* the Second Circuit noted that the district court from which the appeal was taken had a local rule providing that "[a]ny party wishing to object *must*" do so in writing and with specificity, 588 F.2d at 29 (emphasis supplied). In *Park Motor Mart, Inc. v. Ford Motor Co., supra,* the First Circuit left open the possibility that a party who failed to object could obtain a remedy by moving the district court to reconsider its approval of the magistrate's report. See 616 F.2d at 605. Lorin did that here, and the District Court denied its motion on the merits. In *McCall v. Andrus, supra,* the Tenth Circuit did hold, in two sentences, see 628 F.2d at 1187, that failure to object to a magistrate's recommendation "bars McCall from raising [the point] here," but this holding was only one of three separate bases for the Court's rejection of the appellant's position, and was followed by a discussion of the merits. And in *United States v. Walters, supra,* the Sixth Circuit, in adopting a prospective rule of waiver, required, as a condition of the rule's application, that "a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived." 638 F.2d at 950.

We hold that Lorin's failure to object to the Magistrate's report did not, in the circumstances of this case, operate as a waiver of its right to appeal from the District Court to this Court. Whether the result might be different if a pure question of historical fact were involved, or if a local rule of the District Court, or the notice sent by the Magistrate, or both, had clearly informed Lorin that failure to object would bar its appeal to this Court, are not questions that we have to face in order to decide this case. We leave them for another day.

IV.

The District Court dismissed Lorin's complaint with prejudice for failure to comply with the June 8 discovery order and for failure to prosecute. Dismissal with prejudice is an extreme sanction and should not be imposed unless the default was wilful or in bad faith. See *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *Savola v. Webster,* 644 F.2d 743, 745–46 (8th Cir.1981) (per curiam); *Navarro v. Chief of Police,*

523 F.2d 214, 217–18 (8th Cir.1975). Lorin contends that the sanction should not have been imposed in this case because there was no evidence of wilfulness or bad faith. We disagree. Although neither the Magistrate nor the District Court used the phrase "bad faith" in its findings, it is evident from the findings that were made that Lorin's defaults were deliberate. Lorin repeatedly failed to respond to discovery requests on time, even after Goto agreed to extensions. After being ordered to make discovery, Lorin failed to comply fully: it provided incomplete answers to interrogatories, produced only a small fraction of documents, and never paid the award for costs and attorneys' fees. When this conduct impelled Goto to seek a second order compelling discovery, Lorin's counsel failed to attend the hearing. Although Lorin's counsel says that he did not go to the hearing because he was getting married instead, we observe that he subsequently failed to file objections to the Magistrate's report and recommendations within the ten days allowed. In addition, this was not the first court date that counsel had failed to keep without proper explanation.[10]

Federal trial courts have discretion to employ sanctions in order "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). We cannot say that the District Court abused that discretion in this case. Accordingly, the judgment of the District Court is affirmed.

McMILLIAN, Circuit Judge, concurring specially.

I concur in the affirmance of the district court's dismissal of Lorin Corp.'s complaint with prejudice for failure to prosecute. I write separately to emphasize that, in my view, the failure to file timely objections to a magistrate's findings and recommendations does not waive or restrict the *right to appeal* from the district court to the court of appeals. As noted by Judge Arnold, the statute does not provide for waiver of the right to appeal. Assuming clear and specific notice, the failure to file timely objections may affect the district court's obligation to make a de novo determination of the magistrate's findings and recommendations. Such a failure should not restrict the district court's exercise of its independent judgment to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The district court makes the "ultimate adjudicatory determination." *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). However, whether the failure to file timely objections affects our scope of review of the district court's judgment remains an open question at this time in this circuit. *See Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1981) (banc).

---

10. In a letter requesting oral argument in this case, Lorin's counsel claims that he missed the first hearing because bad weather made it impossible for him to drive forty miles to the courthouse and the Clerk advised him not to try. There is no indication in the record or the briefs that counsel ever offered this explanation to the Magistrate or to the District Court, and we shall not consider it now.