**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10970
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

PETER AJAEGBU

Defendant - Appellant

Appeal from the United States District Court
For the Northern District of Texas
(3:93-CR-088-R)

April 10, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, a federal prisoner proceeding pro se, sued the Drug Enforcement Administration for return of an automobile and personal property seized from him by the DEA and the Dallas Police Department at the time of his arrest. The DEA responded that the Dallas Police Department and not the DEA had forfeited and sold the automobile and that DEA had returned Appellant's personal property to him after the filing of his suit. The magistrate judge

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

recommended dismissal of Appellant's claim for the automobile for lack of jurisdiction and of his claim for return of his personal property as moot. The district court did so. We affirm in part and reverse and remand in part.

The magistrate judge's report and recommendation failed to advise Appellant that he must file objections thereto within ten days to obtain de novo review by the district court. Appellant filed no objection but did file an "appeal" with the district court from the magistrate judge's Report and Recommendation in which he argued that some personal items had not been returned, and that his briefcase in which they were contained had been damaged. He asked for return for the remaining items and compensation for damage to the briefcase. The district court denied this "appeal" without opinion. Before this Court, Appellant contends that the district court erred in concluding that he lacked standing to contest the forfeiture of the automobile and by failing to make findings of fact regarding the damaged briefcase and the alleged failure to return all of his property.

The DEA submitted documentary evidence supporting its contention that the Dallas Police Department had forfeited and sold the vehicle. Appellant produced no evidence to the contrary and offered only conclusional allegations to support his claim that he was the actual owner of the car. These allegations are insufficient. United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). Rule 41(e) contemplates only the return of property. The district court therefore correctly dismissed this claim.

2

Because Appellant was not informed of the necessity to file objections to the magistrate judge's Report and Recommendation within ten days, there is no limitation on his right to appeal nor in the scope of the appeal. <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 (5th Cir. 1982) (en banc). In his appeal, Appellant raises issues of fact concerning whether DEA returned all of the contents of his briefcase, whether it damaged his briefcase and whether he is entitled to compensation. Resolution of these issues requires factual findings. It was, therefore, an abuse of discretion for the district court to deny his "appeal" without making findings of fact concerning these issues. Accordingly, as to this issue, the judgment of the district court is reversed and the matter remanded.

AFFIRMED in part, REVERSED and REMANDED in part.