Larry AVERY, Plaintiff,

v.

Lee PAYNE, et al., Defendants.

Civ. A. No. 87V–700–E.

United States District Court,
M.D. Alabama, E.D.

Nov. 24, 1987.

Larry Avery, pro se.

Sydney S. Smith, Phenix City, Ala., for defendants.

**ORDER**

VARNER, District Judge.

No objections having been made to the Recommendation of the Magistrate filed herein October 28, 1987, and upon an independent evaluation of this matter, it is

ORDERED by this Court (1) that the Recommendation of the Magistrate is hereby adopted by this Court; (2) that Defendants' motion to dismiss filed herein September 8, 1987, is hereby denied; and (3) that this case is referred to the Magistrate for further proceedings.[1]

**RECOMMENDATION OF THE MAGISTRATE**

COODY, United States Magistrate.

Larry Avery is an inmate presently confined at the Chambers County jail. Avery brings this 42 U.S.C. § 1983 suit alleging that his mail was opened by accident. He further alleges that defendant Lee Payne told him that his mail went to the Commissioner's office. He contends that the person who opened his mail wants to harm his post trial motions and appeal. The plaintiff has sued the Sheriff of Chambers County, James C. Morgan, and a jailer with the Chambers County Sheriff's Department, Lee Payne.

The defendants have filed a motion to dismiss asserting two grounds. First, the defendants state that 42 U.S.C. § 1983 does not establish liability under the doctrine of

---

1. Plaintiff claims that Mr. Payne told him that his letter from his attorney "went to the Commissioner's office, & that they open [sic] it by accident;" and that the offending party intended to " * * * hurt me on my post trial motions & appeal." That claim appears to state more than a mere negligence claim, but it is woefully short of a complaint which a party can be reasonably expected to answer specifically. The complaint does not state who opened the letter, who the lawyer was, when it happened, how it could have hurt the Plaintiff, how it did hurt the Plaintiff or what civil right was allegedly violated. While it does not appear clearly that the Plaintiff cannot state a cause of action, it is doubtful that he can do so. It is not unreasonable to think that, if a cause of action—a wrong and a proximately resulting injury—exists, Plaintiff's lawyer would be interested, at least to the extent of helping him phrase a complaint.

While this Court is extremely sympathetic to a defendant's attorney seeking to answer such a complaint, particularly in view of the necessity for expending substantial money in seeking discovery as to the matters which it seems should be made plain in a complaint, this Court feels obligated to follow the liberal dictates quoted in the Recommendation of the Magistrate from *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, as interpreted by the Fifth and Eleventh Circuit Courts of Appeals through many years. Hopefully, those Courts will reconsider the full import of *Conley* and note that other language of the Supreme Court therein does not depart from Federal Rule of Civil Procedure 8(a)(2), requiring a short and plain statement of the claim showing that the pleader is entitled to relief, and of Rule 19, concerning the identity of persons involved but not joined and the reasons why they are not joined.

respondeat superior. The defendants assert that if plaintiff is attempting to allege that the Chambers County Commissioners are employees of the Sheriff or Mr. Payne, he has failed to state a cause of action.[1] Second, the defendants assert that the plaintiff has failed to state a cause of action upon which relief can be granted on the grounds that the alleged negligence does not give rise to a Section 1983 suit.

Upon consideration of the motion, the Magistrate has determined that the motion to dismiss should be denied. The principles to be applied to motions to dismiss pro se inmate petitions are both well settled and crystal clear. First, pro se prisoner complaints are to be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Second, pro se complaints should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When those principles are applied to this case, it is clear that the motion to dismiss filed by the defendants should be denied. In the instant case, there is nothing before the court to indicate that the mail was opened by a negligent act other than the plaintiff's statement reciting that defendant Payne told him that his "... mail went to the Commissioner's office and that they opened it by accident."[2]

Accordingly, the Magistrate RECOMMENDS that the defendants' motion to dismiss be denied and upon such denial that this case be referred back to the Magistrate for further proceedings.

### ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982). *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

---

1. In his pro se complaint, the plaintiff has named neither the Chambers County Commission nor the individual commissioners or their employees as defendants. The only named defendants are the Sheriff and his employee, Mr. Payne therefore, the issue of respondeat superior as addressed in defendant's motion to dismiss is not before the court.

2. This issue is better suited for resolution on motion for summary judgment supported by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact.