692 F.Supp. 1283 (1987)
Willie Lee GREEN, Jr., Plaintiff,
v.
Rhoda MANNING, et al., Defendants.
Civ. A. No. 86-1076-P-T.
United States District Court, S.D. Alabama, S.D.
May 18, 1987.
*1284 Willie Lee Green, Jr., Mobile, Ala., pro se.
Mary Beth Mantiply, Mobile, Ala., for defendants.

ORDER
DANIEL HOLCOMBE THOMAS, District Judge.
After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.
It is ORDERED that defendant's motion for involuntary dismissal of this cause be and it is hereby GRANTED and this cause is hereby DISMISSED WITH PREJUDICE.

RECOMMENDATION OF MAGISTRATE
WILLIAM E. CASSADY, United States Magistrate.
This cause came on for an evidentiary hearing before the Magistrate on April 24, 1987, with all parties being present or represented by counsel. The hearing was scheduled and held pursuant to 28 U.S.C. § 636(b)(1)(B). After conclusion of the plaintiff's case, defendants moved for an involuntary dismissal pursuant to Rule 41(b) FED.R.CIV.P. Since it was the opinion of the undersigned Magistrate that plaintiff had failed to present a prima facie case and that the defendants were entitled to an involuntary dismissal, the evidentiary hearing was ended pending disposition of this recommendation.

FINDINGS OF FACT
1. Willie Lee Green, Jr., has filed a suit in this Court under 42 U.S.C. § 1983 against the Sheriff of Mobile County, Alabama, the Warden of Mobile County Jail, and the Registered Nurse employed by the Mobile County Jail. He alleges violation of his constitutional rights due to inadequate medical care while confined in said Mobile County Jail during the period beginning May 27, 1986 and ending December 18, 1986.
2. On August 15, 1985, plaintiff sustained an injury to his left knee while working as a welder for Bender Ship Yard in Mobile, Alabama. (See Plaintiff's Exhibit 1, p. 5). Plaintiff used Dr. T.J. Bender, who referred plaintiff to Dr. Nathan J. Ginberg. Dr. Ginberg performed a left knee arthrogram on or about August 21, 1985, and removed a large amount of straw-colored fluid from the left knee joint. Dr. Ginberg found that the plaintiff suffered a tear to the medial meniscus of the left knee. (See Plaintiff's Exhibit 1, p.6).
3. On August 23, 1985, plaintiff underwent arthroscopy surgery and had removed a complicated tear of the medial meniscul. This surgery was done on an out-patient basis at Mobile Infirmary, Mobile, Alabama.
4. Plaintiff was subsequently incarcerated in the Mobile County Jail on May 27, 1986, and made frequent requests to the nurse for treatment of his left knee. Plaintiff complained of a "popping" sound when *1285 he walked, inflammation of the joint, and severe pain. Plaintiff was given non-prescription drugs such as asperin and Tylenol for the pain that he was experiencing.
5. Plaintiff complained that the medication that he was receiving was not effective in relieving his pain and that in his opinion and in the opinion of Dr. Bender, surgery was necessary. Plaintiff admitted at the evidentiary hearing that the type of surgery needed would be "elective surgery."
6. Although plaintiff complained of severe pain to the left knee, Deputy C.F. Smith, called at the request of the plaintiff, testified that plaintiff engaged in basketball games while in the Mobile County Jail.
7. The nursing staff at the Mobile County Jail independently contacted Dr. Bender's office and were notified that any surgery needed by the plaintiff to relieve the swelling and pain in his left knee was not of an emergency nature. (See Defendant's Exhibit 1, p. 13).
8. Plaintiff testified that he is scheduled for surgery, that surgery has not been conducted by the State Prison Medical Team.
9. Plaintiff claims that he was unconstitutionally required to endure undue pain and suffering during his stay in the Mobile County Jail.

CONCLUSIONS OF LAW
1. In order for plaintiff to establish a violation of constitutional rights, plaintiff must meet the Eighth Amendment standard set out by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir.1985). Plaintiff must show that these defendants were deliberately indifferent to his serious medical needs in such a manner as to constitute the unnecessary and wanton infliction of pain prescribed by the Eighth Amendment. Estelle, 429 U.S. at 104, 97 S.Ct. at 291.
2. Plaintiff does not complain that he was denied access to medical care, but that the care that he received was grossly inadequate and should be found unconstitutional. The record indicates that the plaintiff made numerous visits to the County Jail's clinic where he was usually treated by the Registered Nurse on duty there. A physician was consulted regarding plaintiff's complaint, and it was that physician's opinion that nothing stronger than aspirin should be given to plaintiff, and that surgery was not an emergency at that time. Although plaintiff requested and feels that he deserved a different form of desired treatment, the care that the defendants in this case provided plaintiff does not amount to deliberate indifference to a serious medical need. Plaintiff was given "significant medical care." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).
3. Plaintiff, in support of his position, cited the Court to Walnorch v. McMonagale, 412 F.Supp. 270 (E.D.Pa.1976). This case does damage to plaintiff's position rather than support it. The plaintiff in that case also suffered from a knee injury that occurred while incarcerated. It was undisputed that the plaintiff needed corrective surgery but that the surgery was an elective procedure with no urgent need for immediate action. The Court there found that plaintiff's complaint did not constitute a violation of the plaintiff's civil rights. The Court found as follows:
Stripped to essentials, plaintiff states nothing more than his dissatisfaction with the speed with which his non-critical knee condition is being corrected. While the Court sympathizes with his desire for quicker treatment, it does not follow that he is entitled to the relief he seeks in this suit. At most, his complaint constitutes a claim for negligence which is not cognizable under the Civil Rights Act.
Walnorch, at 275.
4. Plaintiff similarly states a claim of negligence and negligence alone. First, he argues that the defendants failed to provide him with the desired "elective knee surgery." He further states that they failed to provide or prescribe the necessary medication to relieve his pain. Though the Magistrate can sympathize with his complaints of pain, it does not follow that these *1286 actions by the defendants constitute cruel and unusual punishment as that term has been defined by the United States Supreme Court.

CONCLUSION
Accordingly, it is the recommendation of the Magistrate that the motion by the defendants for an involuntary dismissal under Rule 41(b), be granted. This cause of action against the defendants should be dismissed with prejudice, no costs being taxed.
The attached sheet contains important information regarding objections to this recommendation.
MAGISTRATE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT
1. Objection. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar later attack or review of anything in the recommendation. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985); Nettles v. Wainwright, 677 F.2d 404 (5th Cir.1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate is set out in more detail in Local Rule 26(4)(b), which provides that:
Any party may object to a magistrate's proposed findings, recommendations or report made under 28 U.S.C. § 636(b)(1)(B) within ten (10) days after being served with a copy thereof. The appellant shall file with the clerk, and serve on the magistrate and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate. The judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before he magistrate, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate with instructions.
A Magistrate's recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.
2. Transcript (applicable Where Proceedings Tape Recorded). Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.