**UNITED STATES of America**

v.

**Jose Elisande CALDERON and Jose Patino–Cardona.**

No. 90–2–CR–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 23, 1992.

Joseph Ruddy, Asst. U.S. Atty., Tampa, Fla., for U.S.

Victor Martinez, Tampa, Fla., for Jose Elisande Calderon.

Daniel Hernandez, Tampa, Fla., for Jose Patino–Cardona.

ORDER ON AMENDED MOTION TO WITHDRAW GUILTY PLEAS AND TO PROCEED TO JURY TRIAL PREDICATED UPON NEW FACTS AND CIRCUMSTANCES

KOVACHEVICH, District Judge.

This cause is before the Court on report and recommendation issued by Magis-

trate/Judge Thomas G. Wilson, on November 13, 1991. The report recommends that the motion to withdraw pleas be denied.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred attacking the factual findings on appeal. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (en banc). Objections were filed by the Defendants on November 25, 1991. A *de novo* hearing on this matter was held before the Court on December 12, 1991.

## PROCEDURAL HISTORY

On April 23, 1990, Defendants Jose Calderon and Jose Patino–Cardona (hereafter "Defendants") were scheduled to go to trial on charges of knowingly and intentionally possessing, with the intent to distribute, 330 kilograms of cocaine along with codefendant Carlos Rodriguez–Arenas. On the morning of April 23, 1990, prior to the commencement of trial, counsel met with the Defendants and discussed the merits of the case and the merits of entering a plea. All three defendants agreed to plead guilty to the charges. The plea agreements were accepted by the Court after individual Rule 11 colloquies.

Sentencing was set for July 20, 1990. On July 17, 1990, Defendant Calderon filed his first motion to withdraw plea. Sentencing was postponed. After an evidentiary hearing, Magistrate/Judge Thomas G. Wilson issued a report and recommendation on September 12, 1990, recommending that the motion to withdraw plea be denied. After receipt of objections, this Court adopted the report and recommendation of October 9, 1990, specifically overruling the objections.

On November 30, 1990, this Court received handwritten documents signed by Jose Patino–Cardona and Carlos Rodriguez–Arenas. The documents stated that Defendant Calderon was not aware of the $150,000.00 which was in the car which he was commissioned to drive from Miami. Further, the letter stated that the writers were instructed not to mention the money to Calderon. Based on that document, the Court referred the motion to withdraw Defendant Calderon's plea back to the magistrate/judge, who held a second evidentiary hearing on February 25, 1991.

Magistrate/Judge Wilson issued a second report and recommendation on March 7, 1991, recommending that the motion to withdraw plea be denied. After receipt of objections, this Court adopted the report and recommendation on April 22, 1991.

Meanwhile, Defendant Patino–Cardona filed his own motion to withdraw plea on December 5, 1990. The matter was also referred to Magistrate/Judge Wilson. The matter was heard during the same evidentiary hearing on February 25, 1991. The magistrate/judge issued a report and recommendation on March 6, 1991, recommending that the motion to withdraw plea be denied. After receipt of objections, this Court adopted the report and recommendation on April 22, 1991.

After obtaining new counsel, the Defendants filed a joint motion to withdraw pleas predicated upon new facts and circumstances. The new evidence was that the Defendants previous counsel told them that, "in the 'most unlikely event' that this Court did not grant a continuance, then the attorneys would have the Defendants plead guilty, and at some later time the Defendants could move to set aside the guilty pleas and proceed to trial." Furthermore, previous counsel allegedly promised the Defendants that there were "ways" to set aside the plea anytime prior to sentencing and that the Defendants had an "absolute constitutional right" to trial.

The Court denied the motion on October 10, 1991, finding that the motion contained no more than conclusory and self-serving statements from the Defendants.

On October 21, 1991, the Defendants filed an amended motion to withdraw pleas predicated upon new facts and circumstances. A third evidentiary hearing was held in front of Magistrate/Judge Wilson. The Defendants were not present at the morning session during which their trial

counsel testified. At the afternoon session, both Defendants appeared, but decided to rely solely on their sworn affidavits in evidence rather than testifying. The magistrate/judge issued a report and recommendation on November 13, 1991, recommending that the motion to withdraw be denied.

Objections to the report and recommendation were filed by the Defendants on November 25, 1991. Ruling on the report and recommendation was deferred by this Court on December 5, 1991, and a *de novo* hearing was held on December 12, 1991.

## DISCUSSION

The Defendants rely primarily upon affidavits submitted into evidence without objection from the Government. These affidavits are virtually identical, and allege:

> That my previous attorney, [counsel's name], represented to me that he would need more time to prepare for trial and if this court were to deny a motion to continue, that I was to plead guilty and that [at] some point thereafter he would file a motion to withdraw my plea thereby affecting [*sic*] a continuance and allowing him time to prepare for trial.

> I relied on my previous attorney's advise [*sic*] in this regard and pled guilty only because I was following his instructions.

At the *de novo* hearing on December 12, 1991, testimony was received from Robert Duboff, who was Defendant Calderon's previous lawyer; Mel Black, who was Defendant Patino–Cardona's previous lawyer; and Manuel W. James, who was Black's law clerk and Spanish interpreter. Defendant Calderon did not testify, but instead chose to rely on his sworn affidavit which was submitted to the Court. Defendant Patino–Cardona chose to testify at the hearing in addition to his sworn affidavit which was also submitted into evidence.

Duboff testified that he was retained to represent Calderon on either April 18, 1990, or April 19, 1990. At his first meeting with Calderon, Duboff did not discuss a plea of guilty with Calderon. Duboff and his co-counsel met for over four hours with Calderon and the other defendants on Sunday,

April 22, 1990. Duboff recalls discussing a possible plea with Calderon at this time; however no decision was made. Duboff and his co-counsel met with Calderon and the other defendants again on the morning of April 23, 1990. It was at this meeting that the Defendants decided to enter a guilty plea. Duboff testified that there were never any discussions about entering a plea and then withdrawing it in order to obtain a continuance. He stated that the allegation in the Calderon's affidavit was totally false.

Black testified that he entered an appearance on behalf of Patino–Cardona on either April 18, 1990, or April 19, 1990. Black stated that he met with Patino–Cardona on three occasions after he filed his appearance. Black could not specifically recall whether the possibility of entering a plea was first discussed at the extended meeting on April 22, 1990, or at the meeting on the morning of April 23, 1990. However, Black stated, with respect to each of those meetings, that he never said anything about withdrawing a plea of guilty in order to effect a continuance. Black testified that the allegation in Patino–Cardona's affidavit was false.

James acted as translator during portions of the meetings between the lawyers and the Defendants on April 22, 1990 and April 23, 1990. James stated that the Defendants did not seem to have difficulty understanding his Spanish. When misunderstandings arose in the translation, they were clarified by conversation back and forth until a firm understanding was reached. James stated that there was never a discussion at the meetings on April 22 or 23 about the possibility of entering a guilty plea in order to effect a continuance.

*All three witnesses testified emphatically and unequivocally that the Defendants' allegations were false. Their testimony consistently denies that a conversation took place regarding entering guilty pleas in order to effect a continuance.*

█ The Defendants' affidavits do not provide sufficient evidence to question the testimony of Duboff, Black and James.

The affidavits are almost identical to each other. In addition, the allegation alleged in the affidavits was never raised or mentioned in either Defendant's previous motions to withdraw. Furthermore, Defendant Patino–Cardona admitted when he testified at the hearing on December 12, 1991, that he signed his affidavit without reading it or having someone translate the affidavit from English to Spanish. Patino–Cardona's credibility is further diminished by his testimony that at no time did Black, his lawyer, insinuate that he should sign the plea agreement in order to obtain a continuance. These conclusory affidavits along with the testimony of Defendant Patino–Cardona are not sufficient to rebut the testimony of other witnesses in this case.

In finding that there is no basis for Defendants' amended motion to withdraw previously entered guilty pleas, the Court finds sufficient grounds to impose a two-level increase on both Calderon and Patino–Cardona for obstruction of justice. U.S.S.G. § 3C1.1, Comment (n. 3(c), (f)). *As a result of the false affidavits filed by each defendant in support of their amended motion, the Court was, once again, forced to postpone sentencing. Two more evidentiary hearings were held. Each hearing required three witnesses to travel from Miami to testify regarding these baseless allegations. Under these circumstances, a two-level increase for both Calderon and Patino–Cardona is proper.*

ORDERED that the Defendants' amended motion to withdraw previously entered guilty pleas and to proceed to jury trial predicated upon new facts and circumstances is hereby DENIED. A sentencing date for both Defendants will be established, and published by separate order, as soon as possible.

DONE and ORDERED.