**Joseph L. MASON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 96–1763–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

May 28, 1997.

G. Barry Wilkinson, St. Petersburg, FL, for Plaintiff.

David N. Geier, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, Chief Judge.

This cause is before the Court on report and recommendation issued by Magistrate Judge Mark A. Pizzo, on April 25, 1997. The Magistrate Judge recommended that the petition to quash (Docket No. 1) be denied, the petitioner's objections to proposed findings and recommendations (Docket No. 12) be overruled, and the respondent's motion for summary judgment and motion for order enforcing Internal Revenue Service summons (Docket No. 4) be granted.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after notice to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (en banc). To date no objections had been filed.

The Court has reviewed the report and recommendation as promulgated by the magistrate judge, as well as independently reviewing the file. The Court concurs with the recommendation made by the Magistrate Judge. Accordingly, it is

**ORDERED** that the report and recommendation, dated April 25, 1997, be **adopted** and the petition to quash (Docket no. 1) be **denied,** the petitioner's objections to proposed findings and recommendations (Docket No. 12) be **overruled,** and the respondent's motion for summary judgment and motion for order enforcing Internal Revenue Service summons (Docket No. 4) be **granted** and the Clerk of the Court be **directed** to enter a judgment in favor of the defendant, United States of America, enforcing the Internal Revenue Service summons.

### REPORT AND RECOMMENDATION

PIZZO, United States Magistrate Judge.

This cause came on for consideration upon Petitioner's Petition to Quash (doc. 1), Respondent's Motion to Dismiss Petition or in the Alternative Motion for Summary Judgment and Motion for Order Enforcing Internal Revenue Service Summons (doc. 5), Objections to Proposed Findings and Recommendation (doc. 12), Petitioner's Legal Memorandum and Response of Petitioner to Motion to Dismiss Petition or in the Alternative Motion for Summary Judgment (doc. 13), and Opposition by the United States to Petitioner's Objections to Report and Recommendation (doc. 15).[1]

First, a brief history of this matter is appropriate. On September 4, 1996, Petitioner filed a Petition to Quash an Internal Revenue Service ("IRS") Summons (doc. 1). Respondent filed a Motion to Dismiss the Petition to Quash or in the Alternative Motion for Summary Judgment of United States of America and Motion for Order Enforcing Internal Revenue Service Summons on November 19, 1996 (doc. 5). Respondent asserted dismissal was appropriate because the court lacked subject matter jurisdiction in that Petitioner did not comply with 26 U.S.C. § 7609(b)(2)(B). This section required Petitioner to forward by certified or registered mail a copy of its Petition to Quash to each

1. This matter is before me upon Chief Judge Kovachevich's Order of Referral (doc. 16).

person summoned. Petitioner failed to respond to Respondent's motion to dismiss despite two telephone calls, after the December 3, 1996 response deadline had passed, from the undersigned's chambers requesting a response. There existed no evidence in the file that copies of the Petition to Quash had been forwarded to the person summoned. Due to the lack of such evidence and the fact that Petitioner failed to file a response to Respondent's motion to dismiss, the undersigned denied the Petition to Quash for want of jurisdiction. On February 4, 1997, the court then recommended that the district judge grant Respondent's motion for summary judgment and motion for order enforcing the summonses (docs 10 and 11). The underlying basis for this decision was the court's lack of jurisdiction due to Petitioner's failure to comply with 26 U.S.C. § 7609(b)(2)(B) (doc. 10).

Inexplicably, and more than a week later, Petitioner's attorney filed his Objections to Proposed Findings and Recommendation, his belated response to Respondent's motion to dismiss/motion for summary judgment, and the original return receipt cards evidencing that Petitioner had complied with 26 U.S.C. § 7609(b)(2)(B). Curiously, Petitioner's attorney did not attempt to justify the tardy filing of his response to Respondent's motion to dismiss/motion for summary judgment nor did he explain why he did not file the receipts at the appropriate time. Nevertheless, in an effort to avoid punishing litigants for the misdeeds of their attorneys, I will consider Petitioner's belated pleadings on the merits.

Even accepting that the court has jurisdiction to entertain the Petition to Quash on the merits, the Petition nevertheless must fail. In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court set forth the factors the government must demonstrate to show a *prima facie* case for enforcement of a summons: (1) the summonses were issued for a proper purpose; (2) the summonses seek information relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all of the administrative procedures regarding the issuance and service of the summonses have been satisfied. *Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–55.

In the Petition to Quash (doc. 1), Petitioner asserts that Respondent did not issue the summonses for a proper purpose and that the information sought was already in the possession of the IRS. However, in Petitioner's Response to Motion to Dismiss Petition or in the Alternative Motion for Summary Judgment (doc. 13), Petitioner argues only that the government has not satisfied the first *Powell* prong. Nonetheless, in an abundance of caution, the court will address prongs one and three of the Powell test.

*The Government Issued the Summonses for a Proper Purpose*

▪ Petitioner argues that the government issued the summonses for the improper purpose of gathering evidence for the Department of Justice or another federal agency in the prosecution of a pending criminal case involving Petitioner. Alternatively, Petitioner contends the IRS has issued the summons in bad faith and for the improper purpose of harassing Petitioner or pressuring Petitioner to settle a collateral dispute. In his Response to Motion to Dismiss Petition or in the Alternative Motion for Summary Judgment, Petitioner does not supply any case law, supporting affidavits, or other relevant evidence in support of his position. Moreover, Petitioner does not refute Respondent's assertion that, as long as the IRS has not referred the investigation to the Department of Justice for prosecution, the investigation is not "purely criminal in nature" and, thus, summonses may be issued and enforced. 26 U.S.C § 7602(c); *LaMura v. United States*, 765 F.2d 974 (11th Cir.1985). Here, the undisputed evidence reveals that the IRS has not referred the relevant investigation to the Department of Justice. Accordingly, the summonses were issued for a proper purpose.

▪ Petitioner's arguments that the IRS issued the summonses to harass Petitioner and that compliance with such summonses would be burdensome are devoid of merit. There is no evidence of harassment and compliance with the summonses could not possibly be burdensome to Petitioner since the

summonses are directed to a third party recordkeeper, namely First Union National Bank of Florida.

*The Information Sought is not in the Possession of the IRS.*

The Declaration of revenue agent Diane Nash states that the IRS is not in possession of any records obtained from the summoned party. *See* doc. 5, Exh. A. Petitioner offers no support whatever for its contention that the IRS has the relevant documents. Therefore, the court finds that the IRS does not have in its possession the documents it requires.

In sum, Respondent has demonstrated *a primia facie* case for the enforcement of the summonses. Accordingly, it is hereby

RECOMMENDED that:

1. The Petition to Quash (doc. 1) be DENIED.

2. Petitioner's Objections to Proposed Findings and Recommendation (doc. 12) be OVERRULED.

3. Respondent's Motion for Summary Judgment and Motion for Order Enforcing Internal Revenue Service Summons be GRANTED.

IT IS SO RECOMMENDED in chambers at Tampa, Florida, on this 25th day of April 1997.