**FIRST IMPRESSIONS DESIGN AND MANAGEMENT, INC., Plaintiff,**

v.

**ALL THAT STYLE INTERIORS, INC. a Florida Corporation, doing business as Customs Design Manufacturing and Susan W. Gaeta, individually and doing business as Custom Design Manufacturing, Defendants.**

**No. 99–2353–CIV.**

United States District Court, S.D. Florida.

Sept. 1, 2000.

Allan S. Reiss, Levine & Partners, P.A., Miami, FL, for plaintiff.

Mark Evan Stein, David Kenneth Friedland, Lott & Friedland, Coral Gables, FL, John C. Malloy, III, Andrew William Ransom, Malloy & Malloy, Miami, FL, for defendants.

***ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DENYING MOTION TO DISQUALIFY DEFENDANTS' PRESENT COUNSEL***

LENARD, District Judge.

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff, filed August 4, 2000, (D.E.# 64). To date, neither party has filed objections to the Report and Recommendations. Failure to file such objections may prevent either party from challenging the factual findings contained in the report. *See* 28 U.S.C. § 636(b)(1)(A); *see also Jeffrey S. by Ernest S. v. State Bd. of Educ. of Georgia,*

896 F.2d 507, 512 (11th Cir.1990). Based on *de novo* review of the entire record in this case, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report of United States Magistrate Judge Turnoff, filed August 4, 2000 (D.E.# 64) is hereby **ADOPTED** in its entirety.

2. Plaintiff's Motion to Disqualify Defendants' Present Counsel, filed May 17, 2000 (D.E.# 44) is **DENIED.**

*REPORT & RECOMMENDATION*

TURNOFF, United States Magistrate Judge.

This Cause comes before the undersigned for a Report and Recommendation on Plaintiff's Motion to Disqualify Defendants' Present Counsel. (D.E.44.) A hearing on the matter was held on July 5, 2000. For the reasons stated below, this Court should deny Plaintiff's Motion.

*Analysis*

Plaintiff moves to disqualify opposing counsel's firm, Malloy & Malloy, P.A. ("Malloy"), due to the alleged appearance of impropriety resulting from Malloy's role as defense counsel in a prior, similar case involving the present Plaintiff. Plaintiff claims that Malloy's exposure to confidential and trade secret information in the prior case makes it impossible for opposing counsel to dissociate itself from its prior knowledge and extends a strategic and/or tactical advantage to opposing counsel in the present case. Plaintiff alleges that the parties entered into an agreed protective order and confidential settlement agreement in the prior case whereby the parties agreed not to disclose the contents of trade secret and confidential documents obtained throughout discovery, or disclose the parameters of the settlement agreement. Based on Malloy's participation in the prior case and from its exposure to confidential documents, Plaintiff contends that the strategic advantage gained by Defendants

would drive discovery sought by Defendants in the present case, as well as their general litigation strategy and any settlement efforts. The undersigned, however, disagrees.

Plaintiff argues that this Court should disqualify defense counsel based on the appearance of impropriety.[1] In *Norton v. Tallahassee Mem'l Hosp.,* the Eleventh Circuit adopted a two-pronged test under the old Code of Professional Conduct to determine whether the appearance of impropriety warrants disqualification of opposing counsel: (1) "there must exist a reasonable possibility that some specifically identifiable impropriety did in fact occur;" and (2) "the likelihood of public suspicion or obloquy must outweigh the social interests that will be served by the attorney's continued participation in the case." 689 F.2d 938 (11th Cir.1982). *See also Metrahealth Ins. Co. v. Anclote Psychiatric Hosp., Ltd.,* 961 F.Supp. 1580, 1583 (M.D.Fla.1997).

■ Here, neither factor favors disqualification. First, Plaintiff has failed to meet its burden to show that there is a reasonable possibility that some specifically identifiable impropriety occurred. In its motion, Plaintiff admits that "[i]t is impossible to verify during litigation if Malloy & Malloy shared (albeit inadvertently) trade secret/confidential information with the present Defendants." (D.E. 44 at 4.) Plaintiff subsequently asserts that "[i]t is equally impossible for opposing counsel to dissociate itself from its prior knowledge and fail to consider confidential (including settlement) information acquired" in the past case. The undersigned, however, cannot find a reasonable possibility of a specifically identifiable impropriety based on Plaintiff's suspicion alone. Even at the hearing on July 5, 2000, Plaintiff's counsel could not point to a specifically identifiable impropriety, *i.e.,* any wrongful use of confidential or trade secret information. Plaintiff's bare assertion that Malloy has a tactical advantage in the litigation of the suit based on the knowledge gained in the prior suit is unconvincing to support Plaintiff's argument that there is an appearance of impropriety.

Indeed, after careful review of the agreed protective order and settlement agreement (submitted for in camera review), the undersigned is unable to infer how either of the agreements would prohibit Malloy's present participation in this case. This is especially true where Plaintiff's counsel has not shown that there is a reasonable possibility that there will be a prospective violation of such agreements.[2]

---

1. The undersigned notes that some dispute exists concerning whether the mere appearance of impropriety suffices to warrant disqualification. Members of the bar of this Court are governed in their professional conduct by the Rules Regulating the Florida Bar. *See* S.D. Fla. Local Rule 11.1(C). Florida, in turn, has adopted the Model Rules of Professional Responsibility, which—unlike the former Code of Professional Conduct—do not specifically admonish attorneys to avoid even the appearance of impropriety.

In interpreting its version of the Model Rules, however, the Florida Supreme Court has suggested that the mere appearance of impropriety can still suffice to warrant disqualification. The Eleventh Circuit, in contrast, has noted that "the Model Code has been replaced by the Model Rules ... [and] under the Model Rules the appearance of impropriety is not a ground for disqualifying a lawyer from representing a party to a lawsuit." *Wa-*

*ters v. Kemp,* 845 F.2d 260, 265 (11th Cir. 1988); *see also United States v. Urbana,* 770 F.Supp. 1552, 1557 (S.D.Fla.1991) (same). Here, this Court need not reach the question because—even assuming that the mere appearance of impropriety can still warrant disqualification—the Plaintiff has failed to carry its burden.

2. At the hearing, counsel for Plaintiff expressed concern that not all confidential documents from the prior case had been returned to Plaintiff or certified by Defendant that they were destroyed as required by the Agreed Protective Order. To clarify the record, the undersigned ordered Defendants' counsel to either certify to Plaintiff's counsel that such documents were destroyed or return any remaining documents to Plaintiff's counsel within 48 hours of the hearing.

Plaintiff has also failed the second prong of the impropriety analysis—to show that Malloy's participation in this case would cause public suspicion or obloquy, so much that it would outweigh the social interests served by Malloy's continued participation in the case. Plaintiff does not allege a conflict of interest between Malloy and a former client, or that Malloy had access to attorney-client privileged documents or work product information, allegations which if true, would strike at the heart of the attorney-client relationship, and in turn, create public distrust in the attorney-client relationship. Further, disqualification of a party's chosen counsel is an extraordinary remedy not generally in the public interest—a remedy that should be employed only sparingly. *See Norton*, 689 F.2d at 941 n. 4; *Metrahealth*, 961 F.Supp. at 1582. Based on the foregoing, this Court should decline to disqualify defense counsel.

### *Recommendation*

Accordingly, the undersigned having reviewed the file and being otherwise fully advised in the premises, it is hereby RESPECTFULLY RECOMMENDED that Plaintiff's Motion to Disqualify Defendants' Present Counsel (D.E.44) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties may serve and file written objections with the Honorable Joan A. Lenard, United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. *See Nettles v. Wainwright*, 677 F.2d 404, 405 (5th Cir. Unit B 1982).

Aug. 3, 2000.