IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50571
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CURTIS SMITH,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CR-226-1
- - - - - - - - - -
May 28, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Curtis Smith appeals from his conviction following a jury trial for the offense of possession with intent to distribute cocaine base.  He asserts error in the introduction of evidence.  The first stemming from the denial of his motion to suppress and the second from the introduction of evidence relating to his membership in a gang.  We find no merit in his arguments and affirm his conviction and sentence.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Smith argues that the district court erred in denying his motion to suppress statements which he made following his detention because they were the result of the coercive conduct of the arresting authorities.  Because Smith did not object to the factual findings of the magistrate judge made after hearing the motion to suppress, he may attack the findings for plain error only.  Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).  Smith has not demonstrated that the factual findings of the magistrate judge constitute clear or obvious error that affected his substantial rights or the fairness, integrity, or public reputation of the judicial system.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Based on those factual findings, we make the legal determination that under the totality of the circumstances, Smith's statements were voluntarily made and were not the result of coercive police conduct.  See United States v. Raymer, 876 F.2d 383, 386 (5th Cir. 1989).

Finally, the district court did not abuse its discretion in allowing the Government to present evidence of Smith's gang membership following the presentation of Smith's direct testimony.  The evidence was properly admitted under Fed. R. Evid. 404(b) because it was probative of Smith's intent to distribute crack cocaine and of his knowledge that drugs were located in the house where he was detained.  See United States v. Blake, 941 F.2d 334, 339 (5th Cir. 1991).  The evidence was also

properly admitted as impeachment evidence.  See <u>United States v. Riggio</u>, 70 F.3d 336, 339 (5th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1366 (1996).

Further, even assuming that the introduction of the extrinsic evidence was error, it was harmless error in light of the other overwhelming evidence of Smith's guilt presented at the trial.  See <u>United States v. Rodriguez</u>, 43 F.3d 117, 123 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 2260 (1995).

AFFIRMED.